Frank E. Scherkenbach (SBN 142549/scherkenbach@fr.com)
Steven R. Katz (*Pro Hac Vice pending*/katz@fr.com)
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070/Facsimile: (617) 542-8906

Thomas L. Halkowski (*Pro Hac Vice pending/*halkowski@fr.com)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: 302-652-5070/Facsimile: 302-652-0607

Jason W. Wolff (SBN 215819/wolff@fr.com)
Olga I. May (SBN 232012/omay@fr.com)
Alex E. Eaton-Salners (SBN 239750/eaton-salners@fr.com)
Aleksandr Gelberg (SBN 279989/gelberg@fr.com)
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, California 92130
Telephone:  (858) 678-5070/Facsimile:   (858) 678-5099

Jerry T. Yen (SBN 247988/yen@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone:  (650) 839-5070/Facsimile:  (650) 839-5071

Attorneys for Defendant-Counterclaimant Acronis, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SYMANTEC CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> ACRONIS, INC., ACRONIS INTERNATIONAL GMBH, AND OOO ACRONIS, <br><br> Defendants. | Case No.  3:12-cv-05331 SI <br><br> **DEFENDANT ACRONIS, INC.'S ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT; DECLARATORY JUDGMENT COUNTERCLAIMS** <br><br> **DEMAND FOR JURY TRIAL** <br><br> **Honorable Susan Illston** |
| AND RELATED COUNTERCLAIMS. | |

Defendant Acronis, Inc. ("Acronis, Inc.") hereby files its Answer to Plaintiff Symantec Corporation ("Symantec")'s Complaint for Patent Infringement ("Complaint") of U.S. Patent Nos. 7,941,459 ("the '459 patent"), 7,024,527 ("the '527 patent"), 7,454,592 ("the '592 patent"), 7,680,957 ("the '957 patent"), and 7,996,708 ("the '708 patent") (collectively, "the Symantec Asserted Patents").

## ANSWER

This Answer is based on Acronis, Inc.'s knowledge as to its own activities, and upon information and belief as to the activities of others. The numbered paragraphs herein correspond to the like-numbered paragraphs of the Complaint, to the extent applicable. Acronis, Inc. denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that may arguably follow from the admitted facts. Acronis, Inc. denies that Symantec is entitled to the relief requested or any other.

## INTRODUCTION

1.  Acronis, Inc. admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege Acronis, Inc.'s infringement of the Symantec Asserted Patents and to seek remedies therefor. Acronis, Inc. denies that it has infringed or is now infringing any valid claim of the Symantec Asserted Patents.

## PARTIES

2.  Acronis, Inc. admits that Symantec states that Symantec is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 350 Ellis Street, Mountain View, California 94043.

3.  Acronis, Inc. admits that it is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Trade Center, Suite 6700, Elm Street, Woburn, Massachusetts 01801. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 3, due, in part, to their vagueness, and therefore denies these allegations.

4.     Acronis, Inc. admits that Acronis International GmbH ("Acronis GmbH") is an entity organized and existing under the laws of Switzerland, having a place of business at Rheinweg 9 Schaffhausen, CH-8200, Switzerland. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 4, due, in part, to their vagueness, and therefore denies these allegations.

5.     Acronis, Inc. admits that OOO Acronis is an entity organized and existing under the laws of Russia, having a place of business at Altufievskoye Shosse 44, Moscow, Russia. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 5, due, in part, to their vagueness, and therefore denies these allegations.

## JURISDICTION AND VENUE

6.     Acronis, Inc. admits, based solely on the allegations of the Complaint and without admitting them as true, that the Complaint purports to allege an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. 101, *et seq.*, and that this Court has subject matter jurisdiction over an action for patent infringement pursuant to 28 U.S.C. 1331 and 1338(a). Acronis, Inc. otherwise denies the allegations in paragraph 6.

7.     Acronis, Inc. admits, for the purposes of this action only, that this Court has personal jurisdiction over Acronis, Inc. Acronis, Inc. otherwise denies the allegations in paragraph 7, including denying that it has infringed any valid claim of the Symantec Asserted Patents.

8.     To the extent any allegation in paragraph 8 concerns Acronis, Inc., Acronis, Inc. denies that it has infringed any valid claim of the Symantec Asserted Patents. Based upon information and belief, Acronis, Inc. denies that Acronis GmbH has infringed any valid claim of the Symantec Asserted Patents. Acronis, Inc. otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 8, due, in part, to their vagueness, and therefore denies the allegations.

9.     To the extent any allegation in paragraph 9 concerns Acronis, Inc., Acronis, Inc. denies that it has infringed any valid claim of the Symantec Asserted Patents. Based upon information and belief, Acronis, Inc. denies that OOO Acronis has infringed any valid claim of the Symantec Asserted Patents and denies that this Court has personal jurisdiction over OOO Acronis.

1  Acronis, Inc. otherwise lacks sufficient knowledge to admit or deny the allegations in paragraph 9, due, in part, to their vagueness, and therefore denies the allegations.

10. For purposes of this action only, Acronis, Inc. does not dispute that venue is proper as to claims against Acronis, Inc.  Acronis, Inc. denies that it has committed acts of infringement in this State and in this District.  Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 10 and therefore denies these allegations.

**INTRADISTRICT ASSIGNMENT**

11. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 11 and therefore denies these allegations.

**SYMANTEC'S ALLEGATIONS RE FACTUAL BACKGROUND**

**Symantec's Allegations re Symantec's History[1]**

12. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 12 and therefore denies these allegations.

13. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 13 and therefore denies these allegations.

14. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 14 and therefore denies these allegations.

15. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 15 and therefore denies these allegations.

16. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 16 and therefore denies these allegations.

17. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 17 and therefore denies these allegations.

18. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 18 and therefore denies these allegations.

---

[1] Acronis, Inc. repeats portions of the headings in the Complaint solely for convenience purposes and without admitting that they are true.

**Symantec's Allegations re Symantec's Patents-in-Suit**

19. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 19 due, in part, to their vagueness, and therefore denies these allegations.

20. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 20 due, in part, to their vagueness, and therefore denies these allegations.

21. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 21 due, in part, to their vagueness, and therefore denies these allegations.

22. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 22 due, in part, to their vagueness, and therefore denies these allegations.

23. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 23 and therefore denies these allegations.

24. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 24 and therefore denies these allegations.

**Symantec's Allegations re "Acronis's" History**

25. Acronis, Inc. admits that Acronis International GmbH is a Swiss entity. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 25, due, in part, to their vagueness, and therefore denies these allegations.

26. Acronis, Inc. admits that it is a Delaware corporation and has offices in Woburn, Massachusetts. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 26, due, in part, to their vagueness, and therefore denies these allegations.

27. Acronis, Inc. admits that OOO Acronis is an entity organized and existing under the laws of Russia and has offices in Moscow, Russia. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 27, due, in part, to their vagueness, and therefore denies these allegations.

28. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 28, due, in part, to their vagueness, and therefore denies these allegations.

29. Acronis, Inc. denies the allegations in paragraph 29.

30. Acronis, Inc. denies the allegations in paragraph 30.

**Symantec's Allegations that "Acronis" Purportedly Infringes Symantec's Patents[2]**

31. Acronis, Inc. denies that it has infringed or is now infringing any valid claim of the Symantec Asserted Patents. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 31 and therefore denies these allegations.

32. Acronis, Inc. denies that it has infringed or is now infringing any valid claim of the Symantec Asserted Patents and that Symantec is entitled to any relief or attorneys' fees and costs. Based upon information and belief, Acronis, Inc. denies that Acronis GmbH or OOO Acronis has infringed or is now infringing any valid claim of the Symantec Asserted Patents, or that OOO Acronis offers to sell the Backup and Recovery and True Image product lines in the United States. Acronis, Inc. admits that in another action pending in the United States District Court for the District of Delaware, Case No. 1:12-cv-372 (SLR), Symantec sent Acronis, Inc. a copy of proposed counterclaims asserting the Symantec Asserted Patents. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 32 due, in part, to their vagueness, and therefore denies these allegations.

33. Acronis, Inc. denies that it has infringed or is now infringing any valid claim of the Symantec Asserted Patents and that Symantec is entitled to any relief or attorneys' fees and costs. Based upon information and belief, Acronis, Inc. denies that Acronis GmbH or OOO Acronis has infringed or is now infringing any valid claim of the Symantec Asserted Patents. Acronis, Inc. admits that in another action pending in the United States District Court for the District of Delaware, Case No. 1:12-cv-372 (SLR), Symantec sent Acronis, Inc. a copy of proposed counterclaims asserting the Symantec Asserted Patents. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 33 due, in part, to their vagueness, and therefore denies these allegations.

34. Acronis, Inc. denies that it has infringed or is now infringing any valid claim of the Symantec Asserted Patents and that Symantec is entitled to any relief or attorneys' fees and costs. Based upon information and belief, Acronis, Inc. denies that Acronis GmbH or OOO Acronis has

---

[2] As stated above, Acronis, Inc. repeats a portion of this heading for convenience purposes only and denies that it has infringed or is now infringing any valid claim of the Symantec Asserted Patents.

infringed or is now infringing any valid claim of the Symantec Asserted Patents. Acronis, Inc. admits that in another action pending in the United States District Court for the District of Delaware, Case No. 1:12-cv-372 (SLR), Symantec sent Acronis, Inc. a copy of proposed counterclaims asserting the Symantec Asserted Patents. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 34 due, in part, to their vagueness, and therefore denies these allegations.

**COUNT I:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,941,459**

35. Acronis, Inc. incorporates by reference its responses contained in the preceding paragraphs of this Answer.

36. Acronis, Inc. admits that a copy of a document purporting on its face to be the '459 patent, entitled "Selectable Use of Single-Instance Store Backup Methodology in Combination with Other Methods" and issued on May 10, 2011, is attached as Exhibit 1 to the Complaint. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 36 and therefore denies these allegations.

37. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 37 and therefore denies these allegations.

38. Acronis, Inc. denies the allegations in paragraph 38.

39. Acronis, Inc. denies the allegations in paragraph 39.

40. Acronis, Inc. denies the allegations in paragraph 40.

41. Acronis, Inc. denies the allegations in paragraph 41.

42. Acronis, Inc. denies the allegations in paragraph 42.

**COUNT II:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,024,527**

43. Acronis, Inc. incorporates by reference its responses contained in the preceding paragraphs of this Answer.

44. Acronis, Inc. admits that a copy of the document purporting on its face to be the '527 patent, entitled "Data Restore Mechanism," issued on April 4, 2006, is attached as Exhibit 2 to the Complaint. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 44 and therefore denies these allegations.

1    45.    Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 45 and therefore denies these allegations.

2    46.    Acronis, Inc. denies the allegations in paragraph 46.

3    47.    Acronis, Inc. denies the allegations in paragraph 47.

4    48.    Acronis, Inc. denies the allegations in paragraph 48.

5    49.    Acronis, Inc. denies the allegations in paragraph 49.

6    50.    Acronis, Inc. denies the allegations in paragraph 50.

**COUNT III:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,454,592**

51.    Acronis, Inc. incorporates by reference its responses contained in the preceding paragraphs of this Answer.

52.    Acronis, Inc. admits that a copy of a document purporting on its face to be the '592 patent, entitled "Block-Level and Hash-Based Single-Instance Storage" issued on November 18, 2008, is attached as Exhibit 3 to the Complaint.  Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 52 and therefore denies these allegations.

53.    Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 53 and therefore denies these allegations.

54.    Acronis, Inc. denies the allegations in paragraph 54.

55.    Acronis, Inc. denies the allegations in paragraph 55.

56.    Acronis, Inc. denies the allegations in paragraph 56.

57.    Acronis, Inc. denies the allegations in paragraph 57.

58.    Acronis, Inc. denies the allegations in paragraph 58.

**COUNT IV:  ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,680,957**

59.    Acronis, Inc. incorporates by reference its responses contained in the preceding paragraphs of this Answer.

60.    Acronis, Inc. admits that a copy of the document purporting on its face to be the '957 patent, entitled "Computer System Configuration Representation and Transfer" issued on March 16, 2010, is attached as Exhibit 4 to the Complaint.  Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 60 and therefore denies these

allegations.

62. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 61 and therefore denies these allegations.

62. Acronis, Inc. denies the allegations in paragraph 62.

63. Acronis, Inc. denies the allegations in paragraph 63.

64. Acronis, Inc. denies the allegations in paragraph 64.

65. Acronis, Inc. denies the allegations in paragraph 65.

66. Acronis, Inc. denies the allegations in paragraph 66.

**COUNT V: ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,996,708**

67. Acronis, Inc. incorporates by reference its responses contained in the preceding paragraphs of this Answer.

68. Acronis, Inc. admits that a copy of the document purporting on its face to be the '708 patent, entitled "Techniques for File System Resource Restoration" issued on August 9, 2011, is attached as Exhibit 5 to the Complaint. Acronis, Inc. lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 68 and therefore denies these allegations.

69. Acronis, Inc. lacks sufficient knowledge to admit or deny the allegations in paragraph 69 and therefore denies these allegations.

70. Acronis, Inc. denies the allegations in paragraph 70.

71. Acronis, Inc. denies the allegations in paragraph 71.

72. Acronis, Inc. denies the allegations in paragraph 72.

73. Acronis, Inc. denies the allegations in paragraph 73.

74. Acronis, Inc. denies the allegations in paragraph 74.

**REQUEST FOR RELIEF**

75. Acronis, Inc. denies that Symantec is entitled to any of the relief requested in Symantec's Request for Relief, or to any other relief.

**AFFIRMATIVE DEFENSES**

76. By way of further answer, Acronis, Inc. states as follows. By asserting the affirmative defenses below, Acronis, Inc. does not waive any unstated defenses. Discovery has not

yet commenced. Acronis, Inc. presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Accordingly, Acronis, Inc. reserves all available affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

### First Affirmative Defense
### Noninfringement of the Symantec Asserted Patents

77. Acronis, Inc. does not infringe and has not infringed any valid or enforceable claim of the Symantec Asserted Patents.

### Second Affirmative Defense
### Invalidity of the Symantec Asserted Patents

78. Each asserted claim of the Symantec Asserted Patents is invalid for failure to comply with one or more of the requirements of 35 U.S.C. § 101 *et seq.*, including, without limitation, §§ 102, 103, and/or 112, and the rules, regulations, and laws pertaining thereto.

### Third Affirmative Defense
### Prosecution History Estoppel

79. Symantec is estopped, based on the amendments, arguments, statements, representations, admissions, or omissions during the prosecution of the patent applications or any related provisional or non-provisional applications, made with respect to the scope of the invention and asserted claims and disclosure of the prior art, and upon which the examiners at the United States Patent and Trademark Office relied in the allowance of the claims of the Symantec Asserted Patents, from asserting any interpretation of any of the patent claims that would be broad enough to cover any of the alleged infringement by Acronis, Inc.

### Fourth Affirmative Defense
### Failure to Mark

80. Upon information and belief, as may be shown after a reasonable opportunity for further investigation and discovery, Symantec's claims for relief concerning the Symantec

Asserted Patents are limited by failure to comply with the marking and notice requirements of 35 U.S.C. § 287(a) and failure to provide actual or implied notice of the patent-in-suit prior to the filing of the Complaint.  By presenting this defense, Acronis, Inc. is not admitting, and in fact expressly denies, that Symantec is entitled to any relief whatsoever.

### Fifth Affirmative Defense

### Limitation on Damages

81. Symantec's recovery for alleged infringement of the Symantec Asserted Patents, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint, pursuant to 35 U.S.C. § 286.

### Sixth Affirmative Defense

### Government Sales

82. Upon information and belief, as may be shown after a reasonable opportunity for further investigation and discovery, Symantec's remedies are limited under 28 U.S.C. § 1498(a).

### Seventh Affirmative Defense

### Exhaustion

83. Symantec's claims for relief are barred in whole or in part by the doctrine of patent exhaustion.

### Eighth Affirmative Defense

### Adequate Remedy at Law

84. Symantec's claims for injunctive relief are barred because, among other things, any alleged injury to Symantec is not immediate or irreparable, and Symantec has an adequate remedy at law.

### Ninth Affirmative Defense

### 35 U.S.C. § 288

85. Symantec is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

**DECLARATORY JUDGMENT COUNTERCLAIMS**

1. Acronis, Inc. incorporates herein by reference its responses and statements contained in all the preceding paragraphs of its Answer. Defendant-Counterclaimant Acronis, Inc. ("Acronis, Inc.") brings this action against Plaintiff-Counterdefendant Symantec Corporation ("Symantec") pursuant to Rule 13 of the Federal Rules of Civil Procedure, for a declaratory judgment of invalidity and noninfringement of 7,941,459 ("the '459 patent"), 7,024,527 ("the '527 patent"), 7,454,592 ("the '592 patent"), 7,680,957 ("the '957 patent"), and 7,996,708 ("the '708 patent") (collectively, "the Symantec Asserted Patents").

2. For its Counterclaims against Symantec, Acronis, Inc. alleges, based upon personal knowledge as to all acts or events that it has undertaken or witnessed, and upon information and belief as to all others, as follows:

**PARTIES**

3. Acronis, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 300 Trade Center, Suite 6700, Elm Street, Woburn, Massachusetts 01801.

4. On information and belief, Symantec is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 350 Ellis Street, Mountain View, California 94043.

**JURISDICTION AND VENUE**

5. These Counterclaims are for a declaratory judgment of invalidity and noninfringement of the Symantec Asserted Patents.

6. Based on Symantec's filing of this suit and Acronis, Inc.'s affirmative defenses, a true, actual, and justiciable controversy has arisen and now exists between Symantec and Acronis, Inc. regarding the validity and alleged infringement of the Symantec Asserted Patents. This Court has subject matter jurisdiction over the matters pleaded herein under 28 U.S.C. §§ 1331, 1338, the Federal Declaratory Judgment Act (28 U.S.C. § 2201 *et seq.*), and the Patent Act of the United States, 35 U.S.C. § 101, *et seq.*, including, but not limited to, §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and 1400(b) because, among other reasons, Symantec has brought its Complaint for patent infringement of the Symantec Asserted Patents in this Court, Symantec does business in the State of California, and Symantec is subject to personal jurisdiction in this judicial district.

## CLAIMS FOR RELIEF

## FIRST DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement and/or Invalidity of the '459 Patent

8. Acronis, Inc. hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

9. Acronis, Inc. does not infringe any valid claim of the '459 patent.

10. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Acronis, Inc. requests the Court's declaration that each asserted claim of the '459 patent is not infringed by Acronis, Inc. and/or is invalid under the Patent Act, 35 U.S.C. § 101, et seq., including, but not limited to, §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

11. This is an exceptional case entitling Acronis, Inc. to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

## SECOND DECLARATORY JUDGMENT COUNTERCLAIM

### Declaratory Judgment of Non-Infringement and/or Invalidity of the '527 Patent

12. Acronis, Inc. hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

13. Acronis, Inc. does not infringe any valid claim of the '527 patent.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Acronis, Inc. requests the Court's declaration that each asserted claim of the '527 patent is not infringed by Acronis, Inc. and/or is invalid under the Patent Act, 35 U.S.C. § 101, et seq., including, but not limited to, §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

15. This is an exceptional case entitling Acronis, Inc. to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### THIRD DECLARATORY JUDGMENT COUNTERCLAIM

**Declaratory Judgment of Non-Infringement and/or Invalidity of the '592 Patent**

16. Acronis, Inc. hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

17. Acronis, Inc. does not infringe any valid claim of the '592 patent.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Acronis, Inc. requests the Court's declaration that each asserted claim of the '592 patent is not infringed by Acronis, Inc. and/or is invalid under the Patent Act, 35 U.S.C. § 101, et seq., including, but not limited to, §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

19. This is an exceptional case entitling Acronis, Inc. to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### FOURTH DECLARATORY JUDGMENT COUNTERCLAIM

**Declaratory Judgment of Non-Infringement and/or Invalidity of the '957 Patent**

20. Acronis, Inc. hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

21. Acronis, Inc. does not infringe any valid claim of the '957 patent.

22. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Acronis, Inc. requests the Court's declaration that each asserted claim of the '957 patent is not infringed by Acronis, Inc. and/or is invalid under the Patent Act, 35 U.S.C. § 101, et seq., including, but not limited to, §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

23. This is an exceptional case entitling Acronis, Inc. to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

### FIFTH DECLARATORY JUDGMENT COUNTERCLAIM

**Declaratory Judgment of Non-Infringement and/or Invalidity of the '708 Patent**

24. Acronis, Inc. hereby incorporates by reference the allegations in the preceding paragraphs of these Counterclaims and Answer.

25. Acronis, Inc. does not infringe any valid claim of the '708 patent.

26. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Acronis, Inc. requests the Court's declaration that each asserted claim of the '708 patent is not infringed by Acronis, Inc. and/or is invalid under the Patent Act, 35 U.S.C. § 101, et seq., including, but not limited to, §§ 102, 103, and/or 112 and the rules, regulations, and laws pertaining thereto.

27. This is an exceptional case entitling Acronis, Inc. to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Acronis, Inc. prays that this Court enter judgment and provide relief as follows:

(a) That Symantec's Complaint be dismissed with prejudice;

(b) That Symantec take nothing by reason of its Complaint;

(c) That the Symantec Asserted Patents and all of their claims be adjudged invalid;

(d) That the Symantec Asserted Patents and all of their claims be adjudged not infringed by Acronis, Inc.;

(e) That Symantec, and all persons acting on its behalf or in concert with it, be permanently enjoined and restrained from charging, orally or in writing, that the Symantec Asserted Patents are infringed by Acronis, Inc. or its customers, directly or indirectly;

(f) That this case, including Symantec's prosecution of its claims, be declared exceptional and Acronis, Inc. be awarded its costs, expenses, and reasonable attorneys' fees in this action pursuant to 35 U.S.C. § 285; and

(g) That Acronis, Inc. be awarded such other equitable or legal relief as this Court deems just and proper under the circumstances.

14
ACRONIS, INC.'S ANSWER; DECLARATORY JUDGMENT COUNTERCLAIMS
Case No. 3:12-cv-05331 SI

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Acronis, Inc. demands a jury trial on all issues so triable.

Dated: November 7, 2012        FISH & RICHARDSON P.C.

By: */s/ Olga I. May*
    Frank E. Scherkenbach
    (SBN 142549/scherkenbach@fr.com)
    Thomas L. Halkowski
    (Pro Hac Vice pending/halkowski@fr.com)
    Jason W. Wolff
    (SBN 215819/wolff@fr.com)
    Steven R. Katz (Pro Hac Vice pending/
    katz@fr.com)
    Olga I. May (SBN 232012/omay@fr.com)
    Alex E. Eaton-Salners (SBN 239750/eaton-salners@fr.com)
    Jerry T. Yen (SBN 247988/yen@fr.com)
    Alex Gelberg
    (SBN 279989/gelberg@fr.com)

    Attorneys for Defendant-Counterclaimant
    Acronis, Inc.