IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORP,<br><br>        Plaintiff,<br><br>   v.<br><br>ACRONIS INC,<br><br>        Defendant.<br>                                / | No. C 12-05331 SI<br><br>**ORDER RE STIPULATION TO FILE UNDER SEAL** |

      Currently before the Court is the parties' Stipulation to file under seal Symantec's Motion for an Order Declaring Service on OOO Acronis Effective and certain exhibits in support thereof. Docket No. 42. There are two deficiencies with the Stipulation. First, in seeking to file the whole of Symantec's motion under seal, the sealing request is not narrowly tailored. *See* Civil Local Rule 79-5(a) (requests to seal "must be narrowly tailored to seek sealing only of sealable material"). Second, the Stipulation is not supported by a declaration that establishes sufficient cause to seal the documents or portions of documents at issue. *See* Civil Local Rule 79-5 (requiring parties to file a declaration establishing that material is "sealable"; reliance on a "stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal.").

      Therefore, within five days of the date of this Order, defendants – who have designated the documents and information at issue "Highly Confidential" – must file a declaration explaining why the specific information merits sealing under Ninth Circuit precedent. *See, e.g., In re Midland Nat'l Life Ins. Co Annuity Sales Practices Litig. v. Allianz Life Ins. Co. of N. Am.*, 686 F.3d 1115, 1119 (9th Cir.

2012) ("A party seeking to seal judicial records can overcome the strong presumption of access by providing 'sufficiently compelling reasons' that override the public policies favoring disclosure."). If defendants cannot show that each portion of information at issue merits sealing, and the material is relevant to deciding the service and jurisdiction issues raised by the motion, the Court will order that the material be filed in the public docket.

**IT IS SO ORDERED.**

Dated: 1/8/13

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE