**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORP., | No. C 12-05331 SI |
| Plaintiff, | **ORDER RE SYMANTEC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL [DOCKET NO. 58]; ORDER GRANTING STIPULATION TO FILE UNDER SEAL [DOCKET NO. 67].** |
| v. | |
| ACRONIS, INC., *et* al., | |
| Defendants. | |

Currently before the Court are Symantec's Administrative Motion to File Under Seal [Docket No. 58] and the Acronis Parties' stipulation to file under seal [Docket No. 67].

Have considered the Declaration of Olga I. May in support of Symantec's Administrative Motion, the Court finds that Ms. May has failed to establish good cause for sealing the Acronis information contained in Symantec's Exhibit 1 and Exhibit 7. Ms. May asserts – without any explanation – that disclosure of information in these exhibits is "likely to cause the Acronis Parties a competitive injury." That is insufficient. Ms. May does not explain, for example, how disclosure of the Acronis Parties' corporate and organizational structure in Exhibit 1 could lead to any specific type of competitive injury. For each type of information at issue – *e.g*., corporate and organizational structure, business relationships between Acronis entities, unspecified "business practices" and the employment status of one Acronis employee – Acronis must explain why disclosure of the information could cause a specific type of competitive harm.

With respect to Exhibit 2, the Court finds that good cause to seal a confidential software license agreement has been demonstrated, because disclosure could likely cause harm to Acronis' competitive advantage.

Within five days of the date of this Order a representative of one of the Acronis Parties – not their counsel – shall submit a supplemental declaration providing the specific information justifying the proposed sealing. After receiving the supplemental declaration, the Court will issue a final order regarding what information may be filed under seal in conjunction with Symantec's Reply and supporting exhibits.

Turning to the stipulation to file under seal portions of the Acronis' Reply in support of its motion to dismiss, because the information sought to be sealed has already been sealed by Order of this Court [Docket No. 53], the Acronis Reply may be filed under seal. The Acronis Parties shall e-file under seal a copy of their unredacted Reply within five days of the date of this Order.

**IT IS SO ORDERED.**

Dated: January 31, 2013

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE