1

2

3

4

5

6

7                     IN THE UNITED STATES DISTRICT COURT

8                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10

11

12   SYMANTEC CORP.,                        Case No. 12-05331 JST (JSC)

                    Plaintiff,              **ORDER DENYING MOTION TO**
13                                          **COMPEL EXECUTIVE**
            v.                              **DEPOSITIONS**
14                                          **(Dkt. No. 129)**

15   ACRONIS, INC., et al.,

16
                    Defendants.
17

18          In this patent litigation, the parties—competitors in the backup and recovery market—

19   have accused each other of patent infringement.  Defendants seek to compel the depositions of

20   Plaintiff's Chief Executive Officer Steve Bennett and Francis DeSouza, Plaintiff's President

21   of Products and Services.  (Dkt. No. 129.)  Defendants contend they need short depositions to

22   question these executives about how Plaintiff's backup and recovery business fits within its

23   larger corporate strategy, as well as the parties' relative positions in the marketplace and

24   competitive threat.  Plaintiff resists the depositions on the ground of the "apex deposition

25   doctrine."  After carefully considering the parties' written submissions, and having held a

26   telephone hearing on October 10, 2013, the Court DENIES Defendants' motion.  Plaintiff has

27   demonstrated that these witnesses do not possess information that Defendants have not

28   already obtained from the depositions of lower level employees.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**DISCUSSION**

As this Court has previously noted:

"A party seeking to prevent a deposition carries a heavy burden to show why
discovery should not be denied, however, courts are sometimes willing to
protect high level corporate officers from depositions when the officer has no
first hand knowledge of the facts of the case or where the officer's testimony
would be repetitive.  Accordingly, courts generally require a party to depose
other lower level employees before permitting the deposition of the apex official
to ensure that the deposition will not be merely duplicative.

*In re Chase Bank USA, N.A. Check Loan Contract Litigation*, 2011 WL 5248158, at *1 (N.D.
Cal. Nov. 3, 2011); *see also Haggarty v. Wells Fargo Bank, N.A.*, 2012 WL 3939320, at *1
(Aug. 24, 2012) ("When a party seeks to depose 'a high-level executive (a so-called "apex"
deposition),' the court can limit the discovery after considering '(1) whether the deponent has
unique firsthand, non-repetitive knowledge of the facts at issue in the case and (2) whether the
party seeking the deposition has exhausted other less intrusive discovery methods.'")(*quoting
In re Google Litigation*, 2011 WL 4985279, at *2 (N.D. Cal. Oct. 19, 2011)).

Plaintiff has met its heavy burden.  Defendants previously deposed Blake McConnell,
Vice President of Product Management on topics related to those Defendants seek to question
Mssrs. Bennett and DeSouza.  Plaintiff does not argue, let alone offer any evidence, that Mr.
McConnell was unable to provide Defendants with the information they seek.  *See Affinity
Labs of Texas v. Apple, Inc.*, 2011 WL 1753982, at *10 (N.D. Cal. May 9, 2011) (denying
apex deposition where party had failed to show that it had "exhausted, without success, less
burdensome means to obtain the same information").  Even apart from that failure, Plaintiff
has not demonstrated that Mssrs. Bennett and DeSouza possess unique knowledge relevant to
this case.  Mr. McConnell declares that he has "significantly more knowledge about" the
issues upon which Defendants seek to question the executives than these executives do.  (Dkt.
No. 131 ¶ 4; *see also id.* at ¶ 5-7.)

Defendants do not point to any evidence to refute Mr. McConnell's declaration;
instead, Defendants contend that they are entitled to take the executives' depositions because
they are higher level employees.  But it is always the case that the apex deponent is a higher

United States District Court

Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

level employee; to accept Defendants' argument would mean that so long as an executive may possess relevant information that executive is subject to deposition even if lower level employees possess the same information. Such a proposition is contrary to the law, including the law cited by Defendants. *See, e.g., Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012) ("parties seeking to depose a high ranking corporate officer must first establish that the executive (1) has unique, non-repetitive, firsthand knowledge of the facts at issue in the case, and (2) that other less intrusive means of discovery, such as interrogatories and depositions of other employees, have been exhausted without success.") (internal quotation marks and citations omitted); *In re National Western Life Ins. Deferred Annuities Litigation,* 2011 WL 1304587, at *1 (S.D. Cal. April 6, 2011) ("When a high-level corporate executive lacks unique or superior knowledge of the facts in dispute, courts have found that good cause exists to prohibit the deposition.").

Defendants' insistence that they are entitled to the depositions because Plaintiff deposed Defendants' Chief Executive Officer Serguei Beloussov and thus Defendants are "merely seek[ing] to explore reciprocal testimony with Symantec's decision-makers" (Dkt. No. 129 at 3-4) is meritless. Defendants' CEO is the inventor of many of the patents at issue in this lawsuit and therefore possesses unique knowledge relevant to this case. Moreover, while Defendants claim Plaintiff questioned Mr. Beloussov "at some length" on the same topics which Defendants seek to question Plaintiff's executives, the "some length" was two pages of deposition transcript. (Dkt. No. 129 at 3.) In any event, such questioning is immaterial as there was no basis for resisting the CEO's deposition given that he is the inventor.

## CONCLUSION

The Court finds that Mssrs. Bennett and DeSouza do not possess any relevant information that Defendants did not already obtain from their depositions of lower level employees. Accordingly, Defendants' motion to compel executive depositions is DENIED.

//

//

//

United States District Court

Northern District of California

1    This Order disposes of Docket No. 129.

2    **IT IS SO ORDERED.**

3

4    Dated:  October 10, 2013

5                                                          _____

                                                          JACQUELINE SCOTT CORLEY

6                                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4