UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYMANTEC CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>ACRONIS, INC., et al.,<br><br>    Defendants. | Case No.  12-cv-05331-JST<br><br>**ORDER GRANTING MOTION TO FILE UNDER SEAL**<br><br>Re: ECF No. 127 |

Plaintiff-Counterclaim Defendant Symantec Corporation ("Symantec") moves to file under seal Exhibit 16 to Defendants-Counterclaimants Acronis, Inc., Acronis International GMBH and OOO Acronis' ("Acronis") Responsive Claim Construction Brief, and to redact references within the brief. ECF No. 124. Symantec has filed a declaration in support of sealing, and Acronis filed a brief in opposition to sealing which was subsequently withdrawn. ECF Nos. 124-1, 142 & 154. The Court hereby GRANTS the motion.

**I.  LEGAL STANDARD**

A party seeking to seal a document filed with the court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "a strong presumption in favor of access" that applies to all documents other than grand jury transcripts or pre-indictment warrant materials. Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation and internal quotation marks omitted).

With respect to the first prong, Local Rule 79-5 requires, as a threshold, a request that (1) establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"; and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to seal must also fulfill

the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

With respect to the second prong, the showing required for overcoming the strong presumption of access depends on the type of motion to which the document is attached. When a party seeks to file materials in connection with a dispositive motion, the presumption can be overcome only if the party presents "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." Kamakana, 447 F.3d 1172 at 1178-79 (internal citation omitted). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id. at 1179.

On the other hand, when a party seeks to file previously sealed discovery materials in connection with a non-dispositive motion, the sealing party need not meet the 'compelling reasons' standard "because those documents are often unrelated, or only tangentially related, to the underlying cause of action." Id. at 1179 (citation and internal quotation marks omitted). In that case, a party need only make a "particularized showing under the good cause standard of Rule 26(c)" to justify the sealing of the materials. Id. at 1180 (internal citation and internal quotation marks omitted). A court may, for good cause, keep documents confidential "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

A district court must "articulate [the] . . . reasoning or findings underlying its decision to seal." Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011) cert. denied, 132 S. Ct. 2374 (U.S. 2012).

## II. ANALYSIS

Since the sealing request relates to a non-dispositive claim construction brief that is not connected to a pending summary judgment motion, the "good cause" standard for sealing applies. See Apple Inc. v. Samsung Electronics Co., Ltd., 727 F.3d 1214, 1222 (Fed. Cir. 2013). Symantec has supported its request with a declaration attesting that the information it seeks to seal and redact

1 is testimony from a Symantec employee describing the functionality of Symantec's products.
2 Declaration of Brianne M. Straka ("Straka Decl.") ¶ 2, ECF No. 24-1. Straka also declares that
3 public disclosure of the information would subject Symantec to competitive harm because it
4 would expose otherwise secret information about the functionality of Symantec's products to
5 competitors. Id. ¶ 13. The Court has reviewed the materials and concludes that the public
6 exposure of the materials could subject Symantec to "undue burden or expense," and that sealing
7 is therefore appropriate. Fed. R. Civ. Pro. 26(c).

### III. CONCLUSION

Symantec's motion to seal is GRANTED. The responsive claims construction brief, and exhibit 16 thereto, shall be e-filed under seal in accordance with the procedures outlined in the FAQs on the ECF website.

**IT IS SO ORDERED**.

Dated: October 31, 2013

_____
JON S. TIGAR
United States District Judge